**Anders E. AABERG, et al.**

v.

**ACandS INC., et al.**

**Civ. No. S 93–2185.**

United States District Court,
D. Maryland.

Jan. 7, 1994.

Leonard C. Jaques, Law Office, Detroit, MI, for Joseph F. Zuegg.

Benjamin F. Davis, Whiteford, Taylor & Preston, Baltimore, MD, for ACandS, Inc.

Bernard A. Cook, Samuel Louis Israel, Weinberg and Green, Columbia, MD, for Acme Brick Co.

F. Ford Loker, Whiteford, Taylor and Preston, Baltimore, MD, Jonathan D. Schiffman, Philadelphia, PA, for Acorn Iron & Supply Co.

Mary T. Keating, Edward Joseph Baines, Weinberg and Green, Baltimore, MD, for Crown, Cork & Seal Co., Inc.

Steven J. Parrott, Hartman & Parrott, Annapolis, MD, for Anchor Packing Co., Coltec Industries, Inc.

Jo Anne Zawitoski, Robert E. Scott, Jr., Semmes, Bowen & Semmes, Baltimore, MD, for The Auburn Mfg. Co., A.B. Boyd Co., Chemseco, Janos Indus. Insulation Corp., Morrison Bros. Co., Phoenix Specialty Mfg. Co., Inc., Zimmerman Packing & Mfg., Inc., Rensco Products, Inc.

Jeffrey R. Schmieler, Silver Spring, MD, for Bryan Steam Corp., Noland Co.

Thomas M. Goss, Goodell, DeVries, Leech and Gray, Baltimore, MD, for Champion Intern., Everlasting Valve Co., Preferred Utilities Mfg. Corp.

John G. Sakellaris, Bernstein, Sakellaris, Ward & Truhe, Baltimore, MD, for Coffin Pump, Inc., Greene Tweed & Co., Plibrico Co.

C. Edward Hartman, III, Hartman and Crain, Annapolis, MD, for Coltec Industries, Inc.

Gertrude C. Bartel, Lee H. Ogburn, Kramon & Graham, P.A., Baltimore, MD, for Crosby Steam and Valve Co.

David P. Baker, York, PA, for Donlee Technologies, Inc.

Thomas F. McDonough, Royston, Mueller, McLean and Reid, Towson, MD, for Durabla Mfg. Co.

Lawrence E. Blatnik, Andrew C. Cooper, Peder van Wagonen Magee, Donald Cornell McLean, Marc L. Fleischaker, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for Fel–Pro Inc., Felt Products Inc.

Harold M. Walter, Stephanie Gordon Posner, Tydings & Rosenberg, Baltimore, MD, for Fibreboard Corp.

Patricia L. Taylor, Michele Denise Lynch, Washington, DC, for Flintkote Co.

James K. Archibald, Venable, Baetjer & Howard, Towson, MD, for General Cable Co., Goodyear Tire & Rubber Co.

Jeremy W. North, North & Cobb, Towson, MD, for General Refractories.

Michael J. Baxter, David J. McManus, Smith, Somerville and Case, Baltimore, MD, for Goulds Pumps, Inc.

Robert P. Schlenger, Baltimore, MD, for Harbison–Walker Refractories Group, Ingersoll–Dresser Pump, Ingersoll–Rand Corp.

Michael B. Mann, Mann and Whelley, Towson, MD, for Indian Head Industries, Inc., The Okonite Co.

Bridget L. Kyle, Carr, Goodson & Lee, Rockville, MD, for James Walker Mfg. Co.

Deborah L. Robinson, Peter Allan Woolson, Kenny, Vettori & Robinson, Baltimore, MD, for John Crane Inc.

Edward F. Houff, Church and Houff, Baltimore, MD, Lawrence G. Cetrulo, Peabody & Arnold, Boston, MA, for Mortell Co., Sherwin–Williams Co.

Patrick James Attridge, King and Attridge, Rockville, MD, for North American Refractories, Co.

Lawrence G. Cetrulo, Peabody & Arnold, Boston, MA, for Norton Co.

James R. Eyler, Robert Scott Brennen, Miles and Stockbridge, Baltimore, MD, for Owens–Corning Fiberglas Corp.

Lawrence L. Hooper, Jr., Harold M. Walter, Tydings and Rosenberg, Baltimore, MD, for Owens–Illinois, Inc.

Kenneth L. Thompson, Piper & Marbury, Baltimore, MD, Jonathan T. Walton, Jr., Clark, Klein & Beaument, Detroit, MI, for Quaker Const. Products, Inc.

Jon W. Brassel, Miller, Brassel & Baldwin, P.A., Deborah M. Levine, Brassel and Baldwin, Annapolis, MD, Bruce D. Margolin, Rutherford, NJ, for Rhopac Inc.

R. Patrick Baughman, Cleveland, OH, for USX Corp.

Stephen Salvatore McCloskey, Semmes, Bowen & Semmes, Baltimore, MD, for Warren Pumps, Inc.

### MEMORANDUM OPINION

SMALKIN, District Judge.

This 1,000 plaintiff asbestos case is before the Court on plaintiffs' counsel's response to various defendants' motions to dismiss, and pursuant to this Court's letter order of December 15, 1993.

At this juncture, the plaintiffs have abandoned any reliance on the Court's diversity jurisdiction. It is also clear from the plaintiffs' filing that they do not seek to have this case proceed as a class action, but as a case in which 1,000 plaintiffs are properly joined under Fed.R.Civ.P. 20. The plaintiffs oppose dismissal, even if the Court were to find misjoinder, citing Fed.R.Civ.P. 21 as precluding dismissal on account of misjoinder of parties.

■ It is plain to this Court that the 1,000 plaintiffs' claims, set forth in this complaint simply as a skeleton claim of maritime exposure to asbestos, without any attempt at individualization or description of the particular circumstances and exposures of the individual plaintiffs, let alone the products and/or defendants alleged to have been responsible, do not satisfy the "same transaction or occurrence" test of Fed.R.Civ.P. 20(a). *See, e.g., Saval v. BL Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir.1983). This is so plain on the face of the matter as not to require any oral hearing. *See* Local Rule 105.6, D.Md.

The Court is mindful of the strictures of Fed.R.Civ.P. 21 that prohibit dismissal of a case for misjoinder. That same rule however, provides that the Court may, upon its own initiative, drop parties who are misjoined "on such terms as are just."

In this case, it is entirely appropriate and just to drop all but the first named plaintiff, Mr. Aaberg, on condition that their having been dropped from this lawsuit is without prejudice to their institution, individually, of suit against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint. Of course, any such filing must be accompanied by the appropriate filing fee, and the complaint must satisfy the jurisdictional, pleading, and venue requirements of federal law and the Federal Rules of Civil Procedure.

As for the complaint of the remaining plaintiff, Mr. Aaberg, the Court is of the opinion that the complaint fails the threshold test in Fed.R.Civ.P. 8(a)(2) of setting forth a short and plain statement of the claim showing that the pleader is entitled to relief. This is not a *pro se* complaint, but, rather, one filed by counsel, and it involves only reasonable expectations of competence to require that a complaint at least identify some or all of the voyages undertaken by the plaintiff during which he was allegedly exposed to asbestos and the specific products (and manufacturers of those products) that, plaintiff claims, caused his injury. Without these facts in the complaint, defendants are helpless to answer or otherwise respond to it intelligently. The Court recognizes that asbestos litigation is different from most other federal litigation, but it still is litigation, subject to the Federal Rules. Additionally, the plaintiff must properly plead proximate cause, injury, and damage.

Therefore, the Order to be entered herein, in addition to dropping all plaintiffs other than Mr. Aaberg on the conditions set forth above, will also dismiss the present complaint for failure to comply with Fed.R.Civ.P. 8(a), unless an amended complaint complying with the rule is submitted on behalf of Mr. Aaberg within 21 days of the date hereof. Absent such filing of an amended complaint, this case will be dismissed, with prejudice, without the need for further application by the defendants.

*ORDER*

For the reasons stated in the foregoing Memorandum Opinion, it is, this 7th day of January, 1994, by the Court, ORDERED:

1. That all plaintiffs, other than the first named plaintiff, Mr. Aaberg, BE, and they hereby ARE, DROPPED as plaintiffs herein, and their claims ARE DISMISSED, without prejudice to their right to file individual, particularized complaints, accompanied by the appropriate filing fee, and satisfying the jurisdictional, pleading, and venue requirements of federal law and the Federal Rules of Civil Procedure;

2. That the remaining plaintiff, Mr. Aaberg, BE, and he hereby IS, GRANTED 21 days' leave to file an amended complaint complying with Fed.R.Civ.P. 8(a), failing which there will be a dismissal of this case as to Mr. Aaberg, with prejudice and without further notice; and

3. That the Clerk of Court mail copies of the foregoing Memorandum Opinion and of this Order to counsel for the parties.