Ali **ABDULLAH**, et al., Plaintiffs, Appellants,

v.

**ACANDS, INC.**, et al., Defendants, Appellees.

No. 94–1085.

United States Court of Appeals, First Circuit.

Heard June 7, 1994.

Decided Aug. 1, 1994.

Donald A. Krispin, Birmingham, MI, with whom Leonard C. Jaques and Maritime Asbestosis Legal Clinic, a Division of The Jaques Admiralty Law Firm, P.C., Detroit, MI, were on brief, for appellants.

Lawrence G. Cetrulo with whom Maureen E. Kane, Peabody & Arnold, Boston, MA, Marc L. Fleischaker, Donald C. McLean, Lawrence E. Blatnik, Peder Magee, Arent Fox Kintner Plotkin & Kahn, Washington, DC, A. Bernard Guekguezian, Taylor, Anderson & Travers, Laurie S. Gill, Palmer & Dodge, Boston, MA, Lisa Arrowood, Todd & Weld, Boston, MA, Harold M. Walter, Tydings & Rosenberg, Baltimore, MD, R. Cornelius Danaher, Jr., Nancy K. Roux, Danaher, Tedford, Lagnese & Neal, Hartford, CT, Joel F. Pierce, Judith A. Perritano, Morrison, Mahoney & Miller, Francis M. Lynch, LeComte, Emanuelson, Tick & Doyle, Andrew M. Higgins, Casner & Edwards, John Herlihy, Herlihy & Associates, Boston, MA, Christopher M. Browne, Doherty, Wallace, Pillsbury & Murphy, P.C., Springfield, MA, Francis B. Sally, Thomas P. Billings, Sally & Fitch, Boston, MA, Robert F. O'Day, Law Office of Robert F. O'Day, North Quincy, MA, Paul E. Dwyer, Jr., Tucker, Biegel & Goldstein, Warwick, RI, Peter J. Rubin, Diane S. Lukac, Bernstein, Shur, Sawyer & Nelson, Portland, ME, George W. Noone, Avery, Dooley, Post & Avery, Belmont, MA, Stephen A. Hopkins, Sherburne, Powers & Needham, Robert J. Sherer, Roche, Carens & DeGiacomo, Charlene Andros, Warner & Stackpole, Ann O'Malley, Johnson, O'Malley & Harvey, Michael D. Chefitz, Gilberg, Kurent & Kiernan, David M. Governo, Kirby & Governo, Boston, MA, Gregg L. Spyridon, Paula W. Wellons, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, LA, James M. Campbell, Campbell & Associates, William S. Eggeling, Jeffrey P. Trout, Ropes & Gray, Boston, MA, Leo F. Roche, Jr., Roche, Heifetz, Murphy & Wholley, Winchester, MA, Robert McGuire, Nancy McDonald, McElroy, Deutsch & Mulvaney, Morristown, NJ, Michael B. Weinberg, John A. Donovan, Jr., Joni F. Katz, Burns & Levinson, Jessica H. Kish, Gallagher & Gallagher, P.C., Carolyn Sullivan, Melick & Porter, Richard L. Edwards, William P. Marsan, Campbell & Associates, Daniel S. McInnis, John C. Cogavin and Cogavin & Waystack, Boston, MA, were on brief, for appellees.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and CARTER,* District Judge.

GENE CARTER, Chief Judge.

Appellants Ali Abdullah, *et al.*, appeal from an order dismissing their 1000–plaintiff and 93–defendant complaint with prejudice for failure to adhere to a court order requiring them to refile separate complaints conforming to Local Rules of the District of Massachusetts governing joinder and specificity of pleading in asbestos litigation and alleging an adequate basis for jurisdiction. Because we find that the trial judge acted within her discretion in dismissing Appellants' action with prejudice pursuant to Fed.R.Civ.P. 41(b), we affirm.

## I. PROCEDURAL BACKGROUND

Appellants filed an initial complaint on July 23, 1993, in United States District Court in the District of Massachusetts, followed by an amended complaint filed on August 20, 1993. The amended complaint (hereinafter "Complaint") was filed on behalf of 1000 plaintiffs against 93 defendants with the first twenty pages listing only the names and social security numbers of plaintiffs, followed by two pages listing the names only of defen-

---

* Of the District of Maine, sitting by designation.

dants. The remaining four and one-half pages encompass Appellants' basic claims and allege, in summation, the following:

(a) paragraphs 1 and 2 allege that the action is brought under Fed.R.Civ.P. 20 governing joinder of parties and is an admiralty and maritime action within the meaning of Fed.R.Civ.P. 9(h);

(b) paragraph 4 alleges that defendants designed, manufactured, or supplied asbestos and asbestos-containing products or machinery for placement on vessels upon which plaintiffs or plaintiffs' decedents served as crewmembers;

(c) paragraph 5 alleges that as a direct and proximate result of exposure to such products, plaintiffs have suffered asbestos-related diseases;

(d) paragraph 6 alleges that each defendant negligently designed and manufactured such products, failed to adequately warn of the hazards of such products, and committed a breach of implied warranty of fitness of the respective products for their intended use;

(e) paragraph 7 alleges that defendants committed acts and omissions constituting willful and wanton disregard for the safety of those who would be exposed to their products and should be subject to punitive damages;

(f) paragraph 8 alleges that due to defendants' acts, plaintiffs have sustained damages including loss of earnings and earning capacity, pain and suffering, exemplary and punitive damages, and loss of support, society and companionship.

See Complaint (Docket No. 83) at 21–25.

From the time the Complaint was filed until its dismissal on January 5, 1994, over twenty Appellee-defendants filed motions to dismiss and motions for issuance of a show cause order. These motions, to which Appellants never responded, challenged the Complaint on a number of grounds, including failure to provide sufficient factual information to put defendants on notice of the claims and improper joinder.

On September 24, 1993, the trial judge issued an order directing Appellants' counsel to show cause why the action should proceed. The order stated that the Complaint presents "serious questions regarding not only the jurisdiction of this Court but whether this Court has any connection with the claims and whether there has been compliance with the Federal Rules of Civil Procedure." Order to Show Cause (Docket No. 124) at 1. The order indicated that Appellants' counsel should appear before the court on October 27, 1993, and present the factual and legal basis for, *inter alia,* the contention that the parties are properly joined pursuant to Fed. R.Civ.P. 20. *Id.* at 2.

At the show-cause hearing, the trial judge indicated that she was "very disturbed about the joinder of 1000 plaintiffs and 93 defendants without any statement of fact about how they belong together in a case of this sort." Hearing Transcript (Tr.) (October 27, 1993) at 141. She also indicated her concern that a number of issues to be litigated—such as identification of the products to which each plaintiff was exposed, causation, and damages—would involve individual determinations with respect to each plaintiff, militating against joinder. *Id.* at 8–10.

The court further indicated that the Complaint had not been filed in accordance with Local Rules governing joinder and specificity of pleading in asbestos cases set out in Massachusetts Multiple Litigation Orders 3 and 4 ("MML Orders 3 and 4").[1] *See In re: Massachusetts Asbestos Cases,* Pretrial Order No. 3, (June 3, 1981) and *In re: Massachusetts Asbestos Cases,* Pretrial Order No. 4, (December 14, 1984). Appellants' counsel told the court that the case was in the process of being transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel")[2] and stated that "this court and all fed-

---

1. MML Orders 3 and 4 place limits on joinder and require complaints to indicate, to the extent possible, "the dates of alleged exposure," "the names of plaintiffs' employers and the dates of employment where such exposure has occurred." MML Order 3 at VIII(2). MML Orders 3 and 4 are applicable to all asbestos cases filed in the District of Massachusetts "except as otherwise directed by the Court upon motion and for cause shown by the party seeking to have [the Orders] declared inapplicable." MML Orders 3 and 4 at II.

2. *In re: Asbestos Products Liability Litigation,* 771 F.Supp. 415 (J.P.M.L.1991), the MDL Panel

eral courts with regard to the asbestos litigation, is a conduit court." Tr. at 23. Counsel further indicated that he was subject to MDL rules *only* and not the Local Rules of the District of Massachusetts, stating that:

> I am saying that this is MDL. This is not Local Rules. We are not bound by Local Rules, and you should not perceive this. MDL states specifically that you don't even have to plead anything, just a few— just a few sparse paragraphs, and that's all that's required. You do not have to go into detail, and the detail counsel suggests is unheard of anywhere, and we are not bound by your Local Rules. I wouldn't come here to be bound by your Local Rules.
>
> We understand that here in this jurisdiction, when in this jurisdiction, that the cases stood here, and stood here for many, many years, and nothing happened to it. So I certainly wouldn't come here to be bound by your Local Rules ... And so I am saying to you, your Honor, these are MDL cases. They don't belong here. This is a conduit court. We are not bound by your Local Rules with regard to pre-trials or anything else, and that everything that I have indicated to you with respect to the propriety of the filing, I stand on.

Tr. at 40–41.

After hearing from Appellees' counsel, the court determined that plaintiffs and defendants were improperly joined in the Complaint, that the Complaint failed to allege a factual basis for the court's exercise of subject-matter and personal jurisdiction, and failed to comply with Local Rules, MML Orders 3 and 4, which require that asbestos-related complaints recite minimal facts and be filed in a particular form. *Id.* at 42–43. The court then ordered the Complaint to be "dismissed *without* prejudice to the refiling of separate complaints on behalf of each

plaintiff (emphasis added)" correcting the deficiencies noted during the hearing. *Id.* at 43.

Appellants' counsel objected to immediate dismissal, indicating that an unknown number of plaintiffs' claims might be barred by relevant statutes of limitation. The court then asked counsel how much time he would need to refile individual complaints in compliance with Local Rules, and counsel responded, "Well, we are very busy, but sixty days." *Id.* at 44. Appellees' counsel then requested that if the court was planning to set a specific date for refiling, dismissal for failure to adhere to that deadline should be with prejudice and on the merits, explaining that:

> to the extent that new complaints are not filed on behalf of the plaintiffs who came in to Court here, and as to whom I forbore on asking for Rule 11 sanctions, I think the appropriate requirement to put on this is that if there is no refiling, that the dismissals that result be with prejudice and on the merits for the reason that a representation has been made, and then no action pursuant to your order is taken, and I think that the dismissal with prejudice and on the merits is a fair fall out of that, of that circumstance.

*Id.* at 45.

The court indicated its agreement, stating that since Appellants' counsel has "chosen to file an improper [Complaint] on behalf of 1000 plaintiffs," he now has "the option of filing proper Complaints on behalf of each one of the 1000 plaintiffs. To the extent that [he] choose[s] not to file on behalf of anyone of these named plaintiffs, any claim by the plaintiff ... will be dismissed in 60 days with prejudice." *Id.* at 46. The court then amended its order to read as follows:

> The order is that this Complaint will be dismissed in sixty days from this date. Without prejudice with respect to any plaintiff who has refiled a Complaint that

issued an order transferring all pending asbestos-related personal injury and wrongful death cases filed in federal courts to the District Court for the Eastern District of Pennsylvania, assigning them to Judge Charles R. Weiner for coordinated pretrial proceedings.

Asbestos-related cases filed in federal courts after this order was issued may be certified for

transfer by the MDL Panel pursuant to 28 U.S.C. § 1407 and in accordance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 147 F.R.D. 589 (J.P.M.L.1993). At the time of the show-cause hearing, Appellants' case was subject to a conditional transfer order issued by the MDL Panel.

accords with pretrial orders numbers three and four, and to the extent that it seeks to invoke the maritime jurisdiction, admiralty jurisdiction of this Court, that it also sets forth facts that support that. To the extent that any plaintiff does not refile, that plaintiff's claim is dismissed with prejudice, and your objection is noted. You have a right to appeal from this order.

*Id.* at 47 ("October Order").

Appellants' counsel did not file new complaints on behalf of any plaintiff. Two days before the deadline set in the October Order, he filed a motion "to extend time an additional sixty (60) days to evaluate legal options pertaining to this cause." Docket No. 183 (Dec. 23, 1993). The judge dismissed the motion, finding that it had been improperly filed because counsel failed to make and certify service on opposing counsel pursuant to Local Rule 5.2(B)(2). Docket No. 183–1 (Jan. 5, 1994). Following two requests for dismissal filed by Appellees' counsel for failure to adhere to the court's October Order, the judge entered the following order dismissing Appellants' Complaint:

> IT IS ORDERED AND ADJUDGED, After a hearing on the Court's Order to Show Cause, and in light of plaintiffs' failure to refile 1,000 individual complaints within sixty days in accordance with the Court's Order of October 27, 1993, plaintiffs' claims are dismissed with prejudice, and judgment shall enter for defendants.

Docket No. 185 (Jan. 5, 1994) ("January Order").

## II.  DISCUSSION

Appellants challenge the court's dismissal of their Complaint with prejudice on several grounds. They argue primarily that the dismissal of their Complaint was based on a finding of improper joinder and that Fed.R.Civ.P. 21 unequivocally states "[m]isjoinder of parties is not ground for dismissal of an action." [3] Furthermore, given the explicit wording of Rule 21, Appellants argue that dismissal with prejudice on the grounds of misjoinder was an abuse of discretion.[4]

■ We reject Appellants' attempt to reduce the grounds for the January Order to the misjoinder issue only. We note in passing, however, our agreement with the court's determination that the Complaint failed to satisfy the prerequisites for joinder pursuant to Fed.R.Civ.P. 20.[5] We also note that failure to allege a basis for joinder was only one of the *many* weaknesses identified by the

**3.** Rule 21 states that:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
>
> Fed.R.Civ.P. 21.

**4.** Appellants also allege that Massachusetts Multiple Litigation Orders 3 and 4 ("MML Orders 3 and 4") are inconsistent with Fed.R.Civ.P. 20 and 8(a) governing joinder and pleading requirements and should be declared invalid. However, Appellants failed to challenge the substance of these rules to the court below, other than erroneously asserting that Local Rules do not apply to asbestos-related cases (see n. 7, *infra*), nor did they avail themselves of the provisions in MML Orders 3 and 4 allowing them to show good cause as to why the Local Rules should not apply to their action. Hence, they have waived these issues on appeal.

**5.** Appellants' Complaint fails to satisfy the threshold requirement of Fed.R.Civ.P. 20 that the plaintiffs' claim for relief arise out of "the same

transaction, occurrence, or series of transactions or occurrences." The Complaint is bereft of factual allegations indicating why 1000 plaintiffs and 93 defendants belong in the same action. It gives no indication of whether plaintiffs were injured while serving on the same vessels or during the same time periods; no indication of whether they were injured by exposure to the same asbestos-containing products or equipment, nor any specification of the products or equipment to which they were exposed.

This Court notes that Appellants' counsel has been unsuccessful in his attempts to file nearly identical claims in other United States District Courts. With regard to the joinder issue, a court in the District of Maryland wrote:

> It is plain to this Court that the 1,000 plaintiffs' claims, set forth in this complaint simply as a skeleton claim of maritime exposure to asbestos, without any attempt at individualization or description of the particular circumstances and exposures of the individual plaintiffs, let alone the products and/or defendants alleged to have been responsible, do not satisfy the 'same transaction or occurrence' test of Fed. R.Civ.P. 20(a).

*Aaberg v. ACandS, Inc.,* 152 F.R.D. 498, 500 (D.Md.1994).

court and opposing counsel when faced with this unwieldy action. Among other things, the Complaint failed to comply with Local Rules governing the filing of asbestos claims and failed to provide a short and plain statement of each plaintiff's claims sufficient to place defendants on notice of the nature of the action against them as required by the Local Rules and Fed.R.Civ.P. 8(a).[6]

■ Rather than dismissal for misjoinder, the January Order is more appropriately viewed as a dismissal pursuant to Fed. R.Civ.P. 41(b) on the grounds that Appellants failed to comply with the October Order, the Local Rules, and the Federal Rules of Civil Procedure. Rule 41(b) provides in relevant part as follows:

> **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

A district court's "choice of remedy under Rule 41(b) is reviewable only for abuse of discretion." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990). Under this standard, we have affirmed dismissal with prejudice in circumstances much like those presented here. In *Figueroa Ruiz*, for example, we affirmed dismissal of an action with prejudice where plaintiffs filed a deficient complaint, failed to respond to motions to dismiss, and failed to comply with a court order calling for explication of factual underpinnings of various RICO claims.

This Court has made clear that a district court's choice of sanctions for failure to comply with a court order or the Federal Rules will not be lightly disturbed upon appeal. *See, e.g., Kuehl v. F.D.I.C.*, 8 F.3d 905 (1st Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1545, 128 L.Ed.2d 196 (1994) (affirming dismissal with prejudice based on plaintiffs' failure to remedy Fed.R.Civ.P. 8(a) violations in amended complaint where magistrate had pointed out deficiencies in initial complaint and provided direction to plaintiffs about how to correct the mistakes); *see also HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 918 (1st Cir. 1988) ("where a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal [with prejudice]").

When the court entered the January Order of dismissal in this case, it was faced with a deficient Complaint that Appellants had refused to remedy despite a court order to do so. The October Order was issued *after* Appellants' counsel had objected to a tentative order dismissing the Complaint without prejudice. Not only did Appellants' counsel make no effort to comply with the October Order, but he made no attempt to object to that Order by filing a motion for reconsideration showing good cause why it should be vacated or amended.

The court was also confronted with an attorney who erroneously insisted that he

---

6. With respect to the Complaint's failure to adhere to Fed.R.Civ.P. 8(a), we join in the reasoning of the *Aaberg* court, which faced a nearly identical claim filed by Appellants' counsel. After dismissing all but the named plaintiff for improper joinder, the court proceeded to dismiss the claim as to the remaining plaintiff for failure to state a claim under Fed.R.Civ.P. 8(a), noting that:

> This is not a *pro se* complaint, but, rather, one filed by counsel, and it involves only reasonable expectations of competence to require that a complaint at least identify some or all of

the voyages undertaken by the plaintiff during which he was allegedly exposed to asbestos and the specific products (and manufacturers of those products) that, plaintiff claims, caused his injury. Without these facts in the complaint, defendants are helpless to answer or otherwise respond to it intelligently. The Court recognizes that asbestos litigation is different from most other federal litigation, but it still is litigation, subject to the Federal Rules. Additionally, the plaintiff must properly plead proximate cause, injury, and damage.

*Aaberg*, 152 F.R.D. at 501.

was not bound by Local Rules and that federal courts are mere conduits for the transfer of asbestos-related cases by the MDL Panel.[7] Counsel's disregard of Local Rules was further reflected by his filing of a motion for extension of time without making and certifying service on opposing counsel. In addition, during the four to five months that the action was pending, Appellants never responded to some twenty motions to dismiss filed by individual Appellees.

We have earlier noted that:

> Courts cannot function if litigants may, with impunity, disobey lawful orders. It has long been the rule that federal courts possess plenary authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 [82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734] (1962) (footnote omitted). Though a federal court may dismiss claims *sua sponte* for proper cause, *id.*, at 630–31 [82 S.Ct. at 1388–89], that inherent power has been augmented [by Fed.R.Civ.P. 41(b) ].

*HMG Property Investors, Inc.*, 847 F.2d at 916. Faced with an unmanageable Complaint, the court issued an order that would have enabled Appellants' claims to go forward in a form in which settlement or trial of meritorious claims would have been possible. Counsel failed to comply with this order, defied Local Rules, and neglected to respond to motions filed by opposing counsel. The record indicates that counsel's behavior was extreme, "of a deliberate rather than inadvertent nature," *Figueroa Ruiz*, 896 F.2d at 648, and could "reasonably be construed as an indication of 'plaintiffs' lack of interest in vindicating whatever rights they might have had.' ". *Id.* (citing *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir. 1977)). In these circumstances, we can find no abuse of discretion in the district court's

dismissal of Appellants' Complaint with prejudice. The judgment of the district court is hereby AFFIRMED.

---

7. This representation by counsel to the district court judge was clearly mistaken and directly contradicts the very MDL rules that he cites. At the time of the October 27 show-cause hearing, Appellants' case was the subject of a conditional transfer order issued by the MDL Panel. Rule 18, of the Rules of Procedure governing cases transferred by the MDL Panel, provides in relevant part that:

> The pendency of a motion, order to show cause, *conditional transfer order* or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.*

Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 147 F.R.D. 589, 601 (J.P.M.L.1993) (emphasis added).