**Brenda GREENE, et al.**

v.

**MOBIL OIL CORPORATION, et al.**

No. 1:99–CV–227.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 9, 1999.

Robert Carl Hilliard, Hilliard & Munoz, Corpus Christi, TX, Jon B. Burmeister, Moore, Landrey, Beaumont, TX, Dennis Reich, Reich & Binsctock, Houston, TX, Grover G Hankins, Texas Southern University, Thurgood Marshall School of Law, Houston, TX, for plaintiff.

David B. Gaultney, Morris C. Carrington, Mehaffy & Weber, Beaumont, TX, for defendant.

### *MEMORANDUM OPINION*

COBB, District Judge.

In this case, Brenda Greene and George H. Greene, as representatives of the Estate of Florence Greene, Deceased, brought suit in the 60th District Court of Jefferson County, Texas, on October 10, 1997. Numerous defendants were sued originally, and most of the original defendants have been non-suited. The only defendants remaining are Mobil Oil Corporation, Mobil Oil Corporation, Beaumont Refinery, and Mobil Chemical Corporation. On February 17, 1999, a First [sic Second] Amended Petition was filed, adding 1260 plaintiffs by way of intervention in the Greene lawsuit.

When removed, which was timely, complete diversity existed.

The 1260 new plaintiffs alleged:

Defendants, Mobil Oil and Mobil Chemical (collectively Mobil) operate two plants contributing to pollution problems. The plants are located at 1795 Burt St. and

2775 Gulf States County Road. In the 1987–1994 reporting period, these plants have released thousands of pounds of toxic hydrocarbons into the local Beaumont environment. Mobil polluted the environment with, among other toxins, benzene, toluene, cumene, ethylbenzene, 1,2,4–trimethylbenzene, xylene and cyclohexane. Mobil has been responsible for four documented spills of hydrocarbons and at least two documented pipeline leaks.

All other Defendants were also negligent in the release of toxic chemicals into the environment which contaminated Plaintiffs' bodies and property.

At all times all Defendants owned said properties and operated said businesses, Defendants knew, or in the exercise of reasonable care, should have known that such discharged toxic or hazardous chemicals and chemical waste materials were and are capable of causing serious damages to both the people living in the area and real and personal property and that said chemicals were regularly escaping from the respective plants, refineries and pipelines and spreading into the surrounding areas.

All Defendants knew, or in the exercise of reasonable care, should have known that said toxic and hazardous chemical waste products are persistent, long-lived and not subject to chemical breakdown in the environment for a prolonged period of time, if ever.

Plaintiffs discovered that their property has been polluted and contaminated with deadly chemicals from the crude oil and chemical complex. These materials have caused, and will continue to cause, permanent and irreparable damage to Plaintiffs' health and to the value of Plaintiffs' property.

Plaintiffs bring this suit for personal injuries and wrongful death. Additionally, those Plaintiffs owning property in the area and those similarly situated to the Plaintiffs owning property bring a class action for property damage.

The petition also seeks class action certification.

All plaintiffs claim either or all of the following damages against all defendants: Property damages to homes; loss of use or enjoyment of their respective properties; loss of rental value of their respective properties; deterioration, degradation and/or destruction of the soil vegetation and/or improved property.

The claims are based on negligence, gross negligence, nuisance, trespass, unjust enrichment, strict liability, intentional inflicting of emotional distress, toxic assault and battery.

An unknown and unidentified number of plaintiffs seek damages for personal injury, "death and/or other damages as a result of exposure to toxic and deadly chemicals." Those undesignated, unidentified, and unidentifiable plaintiffs seek as damages for the yet to be alleged personal injuries "and/or death" damages for past, present, and future damages for: (a) medical bills and expenses; (b) physical pain and suffering; (c) mental anguish; (d) emotional distress; (e) physical impairment: (f) disfigurement; (g) loss of earning capacity; and (h) damages representing the cost of medical monitoring necessitated by the increased risk of contracting cancer and other diseases as a result of exposure to plaintiffs' [sic] toxic chemicals and pollutants. For those representatives of the estates of deceased plaintiffs, recovery is sought for damages arising under this state's survival and wrongful death statutes. Additionally, those individually named plaintiffs seek exemplary damages.

■ Rule 41(b), FED.R.CIV.P. permits the court to dismiss without prejudice cases which do not conform the other rules of civil procedure, or other orders of the court. Rule 20(a), FED.R.CIV.P. provides for permissive joinder of parties where certain conditions are met. Rule 21, FED.R.CIV.P. deals with misjoinder of parties. It states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Although only 11 plaintiffs were involved, the opinion of the district court in *Grayson v. K–Mart,* 849 F.Supp. 785 (N.D.Ga.1994) *aff'd* 79 F.3d 1086 (11th Cir.1996) is instructive here. The plaintiffs brought one suit for all plaintiffs claiming violations of the ADEA against K–Mart, alleging the operative fact would reveal at trial that K–Mart's upper management embarked on a course of conduct to rid itself of older employees and replace them with younger ones. While the 11 plaintiffs were not all in one K–Mart store, they were in the same region. The district court held:

> It is precisely this need to focus the jury's attention on the merits of each individual plaintiff's case that counsels against proceeding with these cases in one consolidated trial. There is a tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims.

Twelve hundred and sixty plaintiffs have sued four Mobil defendants for death, devaluation of land, nuisance, exemplary and compensatory damages, trespass, loss of rentals, market values, vegetation and various other unknown, unstated, and unidentified wrongs, crimes, and prohibited acts. Nowhere is there a clue (except for the first named plaintiffs, the Greenes, who have now been severed from this action), has there been a short, concise statement of any individual plaintiff as to the type of damages claimed, the party or parties responsible, the act, omissions, or emissions of a specific defendant causing such damages.

No permission of this court has been sought or obtained, nor of the state court from which this case was removed, to join 1260 additional plaintiffs to the Greene plaintiffs' suit. Here the additional plaintiffs have in effect instituted a new action. See, *Cliett v. Scott,* 233 F.2d 269, 271 (5th Cir.1956); *Johnson v. Heublein,* 982 F.Supp. 438 (S.D.Miss.1997). This court finds, as did Judge Smalkin in *Aaberg v. ACandS, Inc.,* 152 F.R.D. 498 (D.Md.1994), that the First (sic Second) Amended Petition fails to meet the requirements of FED.R.CIV.P. 8(a)(2) as a threshold matter.

The 1260 plaintiffs will be dropped from the Greene case and dismissed without prejudice unless each plaintiff files a separate suit, together with a separate filing fee, within ninety (90) days of the entry of this order, and in such newly filed suit, specify:

(1) The personal injury claimed;

(2) The property claimed to have been damaged;

(3) The names of the persons whose deaths were caused, or the personal injuries sustained;

(4) The defendant responsible;

(5) The damages claimed;

(6) The future damages;

(7) The date of the event or occurrence for which each plaintiff has brought suit;

(8) For damages to land or property, the legal description of the property, the interest in the property claimed (i.e., fee simple, lease, month-to-month rental), the cost of acquisition of the property, the name of the person from whom the property was acquired, the type of property, the improvements thereon, the date of acquisition, the chemical, substance, or toxin causing the damage to the property.

Because the lead case of the Greene representatives is a death case, any attempt to meld the remaining 1260 cases into an enormous bundle of claims to a single jury would, the court finds, be highly prejudicial to the defendants. Some of the claims of damage to property, vegetation, etc., could possibly not reach the jurisdictional amount of a federal court. The only practical way to manage these massive claims effectively is outlined above.

■ While it might appear the court is acting *sua sponte,* that is not completely accurate. Prior to removal, various defendants moved the state court to order separate actions based upon the Texas rules concerning mis-joinder. It was never acted upon. Although no action was taken there, it is appropriate for this court to review the pleadings filed, but never addressed in the state court.

Accordingly, plaintiffs have 90 days to re-file their claims in conformity with the instructions articulated above or their causes of action will be dismissed.