336 So.2d 724 (1976)
Jack M. REED et al.
v.
COOK CONSTRUCTION CO., INC. and Southwestern Materials Company.
No. 48758.
Supreme Court of Mississippi.
August 17, 1976.
Scales & Scales, Jackson, for appellants.
Cox & Dunn, Ltd., Jackson, for appellees.
Before PATTERSON, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice, for the Court.
Jack M. Reed and twenty-eight other residents of Pine Acres No. 2, a subdivision of lands in the First District of Hinds County, Mississippi, filed a bill of complaint in the Chancery Court of the First Judicial District of Hinds County, for damages and *725 injunctive relief against Cook Construction Company, Inc., and Southwestern Materials Company.
Complainants alleged that Cook operated two asphalt plants and Southwestern a concrete mixing plant west of their homes and in operating these plants emitted into the air "nauseous, noxious, obnoxious, sickening and offensive odors and fumes", "choking dirty dust", and also made "clanking, clamorous noises".
It was alleged also that Cook's and Southwestern's truck drivers "demolished" the streets by using overloaded vehicles, and drove recklessly on the streets near their homes.
Cook and Southwestern answered that they conducted lawful businesses in a reasonable manner in lawfully zoned industrial districts, and denied that the operation of their businesses constituted a nuisance.
In Reber v. Illinois Central Railroad Company, 161 Miss. 885, 138 So. 574 (1932), this Court set forth guidelines for deciding cases of this sort:
"As to whether the operation of a lawful business is a nuisance in fact depends upon the surrounding facts and circumstances, each particular case is to be determined very largely by its own facts. A fair test as to whether a business, lawful in itself, constitutes a nuisance, is the reasonableness or unreasonableness of conducting the business complained of in the particular locality, and under the circumstances of the case; and, where the use of the property is not unreasonable, it will not, as a rule, be enjoined, nor can a person complaining thereof recover damages. The locality is to be considered in determining whether there is a nuisance  what might be a nuisance in one locality might not be such in another. Thus, a business might be perfectly proper in a business or manufacturing territory, and a nuisance when carried on in a residential section; `and conversely, a business which, with its incidents, might well be considered a nuisance in the residential portion of a city or village, may be proof against complaint where conducted in a business or manufacturing locality.' The law of private nuisances is a law of degree, and usually turns on a question of fact, whether the use is unreasonable or not, under all the circumstances. There is no hard and fast controlling rule; for the use under one set of facts might be reasonable, and unreasonable under another. `Whether the use of property to carry on a lawful business which creates smoke or noxious gases in excessive quantities amounts to a nuisance, depends on the facts of each particular case.' Which facts are often `many and varied, such as location, nature of the use, character of the neighborhood, extent and frequency of the injury, the effect on the enjoyment of life, health and property and the like.'" 161 Miss. at 897-98, 138 So. at 576-77. (Emphasis added).
After a long and thorough trial (the record consists of 1227 pages of pleadings and testimony and numerous exhibits), the chancellor took the matter under advisement and called for briefs. After carefully considering the voluminous record and the briefs, he rendered a 7-page opinion. In summary, he expressly found:
(1) The area in question has been gradually thrust into the mainstream of industrial development, of which the defendants' installations form only a part, with no construction of new homes for at least ten years.
(2) The property where the defendants' businesses are located was duly zoned industrial. Their businesses were lawful and lawfully conducted.
(3) The defendants demonstrated their desires and efforts to be good neighbors and to minimize any disturbance in every reasonable manner.
(4) The measures taken by defendants to minimize complaints were reasonable and for the future they were willing to continue their efforts to be good neighbors.
(5) The businesses, being lawful, were not conducted unreasonably or in such a *726 manner as to become an actionable nuisance.
(6) The property occupied by complainants is in the process of shifting from residential value to industrial or commercial or business value and there was no damage to monetary values of those properties.
This Court has carefully reviewed the long record, noted the numerous exhibits filed, and studied and considered the briefs of counsel. After doing all this, the Court is of the opinion that the chancellor's findings of fact are amply supported by the evidence and that his decision that the bill of complaint should be dismissed is correct and should be affirmed.
The chancellor's observation, that the complainants "have two very valuable monitors available to them" in the county law enforcement officers and the Mississippi Air and Water Pollution Control Commission, was timely made.
The decree of the chancery court dismissing the bill of complaint is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.