# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-01390-SCT

**WYETH-AYERST LABORATORIES, ROBERT F.
COOPER, II, M.D., JERRY A. FORTENBERRY, M.D.,
CALVIN T. HULL, M.D., LOUISA LAWSON, M.D.,
AND HAROLD WHEELER, M.D.**

*v.*

**DORIS CALDWELL, SUSAN H. McCARTY, JIM H.
McCARTY, JR., JULIA CAMPBELL, ARCHIE
CAMPBELL, CAROLYN WINTERS, BOBBY G.
WINTERS, MACY HOUSTON AND JOHN F.
HOUSTON, III**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/06/2002 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRED L. BANKS, JR. |
| | LUTHER T. MUNFORD |
| | JAMES W. SHELSON |
| | KENNETH W. BARTON |
| | WILLIAM M. GAGE |
| | AMANDA CLEARMAN WADDELL |
| | J. ROBERT RAMSAY |
| ATTORNEYS FOR APPELLEES: | CHARLES RICHARD MULLINS |
| | MERRIDA COXWELL |
| | LAWRENCE E. ABERNATHY, III |
| | G. SEAN JEZ |
| | SCOTT ANTHONY LOVE |
| | KEITH MORGAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 01/27/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., GRAVES AND DICKINSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Doris Caldwell and six other plaintiffs joined their claims against Wyeth-Ayerst Laboratories and their prescribing physicians in Jones County Circuit Court. The plaintiffs generally claim injuries resulting from fraudulent warnings and misrepresentations regarding the potential risks of the drugs Pondimin and Redux. Wyeth moved to sever plaintiffs' claims. The trial court denied the motion. After initially denying Wyeth's Motion for Interlocutory Appeal, we subsequently granted the petition after en banc consideration of the motion and stayed all proceedings in the trial court. See M.R.A.P. 5. Finding the claims of the seven plaintiffs against the four doctors and Wyeth are not based on a distinct litigable event arising from the same transaction or occurrence, we reverse and remand for severance and transfer to the appropriate venue.

## FACTS

¶2. Pondimin and Redux are prescription drugs manufactured and sold by Wyeth to treat obesity. Plaintiffs generally allege that, as a consequence of taking the drugs, they have valvular heart disease and other injuries. One of the seven plaintiffs, Doris Caldwell, resides in Jones County. Plaintiffs Jim and Susan McCarthy, Bobby and Carol Winters, and John and Macy Houston live in Madison County. The husbands in the pairs of couple-plaintiffs sue for loss of consortium.

¶3. None of the defendants live in Jones County. Wyeth is a Delaware corporation with its principal place of business in Pennsylvania. Caldwell's physician, Dr. Jerry A. Fortenberry, practices in Marion County; McCarthy's physician, Dr. Louisa Lawson, practices in Hinds County; Winters' physician, Dr. Calvin T. Hull, practices in Hinds County; and Houston's physician, Dr. Robert F. Cooper, practices in Lafayette County.

2

¶4. Wyeth moved to sever the plaintiffs and transfer venue. Citing *American Bankers Insurance Co. v. Alexander*, 818 So. 2d 1073, 1075 (Miss. 2001), *overruled on other grounds*, *Capital City Insurance Co. v. G.B. "Boots" Smith Corp.*, 2004 WL 2403939, *11 (Miss. 2004), as authority as well as the now-stricken language in the commentary of Rule 20 permitting "virtually unlimited joinder at the pleading stage," the trial court denied the Motion to Sever and Transfer Venue and refused to certify the issues for interlocutory appeal. Wyeth petitioned for interlocutory appeal, which the physician defendants eventually joined. Although a panel of this Court initially denied the petition for interlocutory appeal, upon en banc reconsideration of the denial, we granted the petition and stayed all proceedings in the trial court.[1]

## ANALYSIS

¶5. On appeal, the defendants solely argue that the recent *Janssen* line of cases as well as the changes to Mississippi Rule of Civil Procedure 20(a) dictate a reversal of the trial court's denial of severance. *See* *Purdue Pharma, L.P. v. Estate of Heffner*, 2004 WL 2249488 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Jackson*, 883 So. 2d 91 (Miss. 2004); *Culbert v. Johnson & Johnson*, 883 So. 2d 550 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Keys*, 879 So. 2d 446 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Scott*, 876 So. 2d 306 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Grant*, 873 So. 2d 100 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31 (Miss. 2004); *Janssen Pharmaceutica, Inc.*

---

[1]We granted the petition on January 26, 2004, less than one month before our February 19, 2004 decision, in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004), and the February 20, 2004, amendment to the commentary of Rule 20(a).

*v. Armond*, 866 So. 2d 1092 (Miss. 2004); *see also* Miss. R. Civ. P. 20(a) cmt. (as amended 2004).

### 1. Rule 20(a) and its Amendment

¶6. Mississippi Rule of Civil Procedure 20 gives trial courts broad discretion in determining when and how to try claims. *First Investors Corp. v. Rayner*, 738 So. 2d 228, 238 (Miss. 1999). Therefore, we review trial court decisions regarding venue and joinder for abuse of discretion. *Bailey*, 878 So. 2d at 45; *Armond*, 866 So. 2d at 1095. We also note that a trial court abuses its discretion by joining parties in cases failing to satisfy both requirements of Rule 20. *Armond*, 866 So. 2d at 1097. Like federal courts, we review cases involving a question of the propriety of Rule 20(a) joinder on a case-by-case basis. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

¶7. Under Mississippi Rule of Civil Procedure 20(a), joinder is only proper if both (1) the different plaintiffs' causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the plaintiffs will arise in the action. *Bailey*, 878 So. 2d at 46 (citing Miss. R. Civ. P. 20(a) (2004)). We recently amended the comment to Rule 20(a) significantly, clarifying that before an alleged "transaction or occurrence" will pass muster under Rule 20(a), the court must find a "distinct litigable event linking the parties." *Bailey*, 878 So. 2d at 46 (citing Miss. R. Civ. P. 20(a) cmt. (as amended 2004)). The amendment to the rule resulted in the deletion of some of the language of the comment, including the statement that the "general philosophy of the

joinder provisions of these rules is to allow virtually unlimited joinder at the pleading stage[.]" Miss. R. Civ. P. 20(a) cmt.(prior to 2004 amendment).[2]

## 2. Propriety of Joinder

¶8.     In the instant case, plaintiffs allege that proof that their claims against the defendants arise out of the same series of transactions and occurrences is evidenced by injury as a result of ingestion of the same drugs, prescription in the same state, production by the same manufacturer, the plaintiffs' trust in the seven different doctors who relied on false warning labels when prescribing the drug, and the same false and misleading warning labels resulting in the ingestion of the drugs.     In *Armond*, we dealt with a trial court's denial of a motion to sever fifty-six plaintiffs who brought claims against forty-two different doctors and the manufacturer of the drug Propulsid.     *Armond*, 866 So. 2d at 1095.[3]     We found that the

---

[2]We note that *American Bankers*, upon which the trial judge in this case relied, was the first Mississippi case in our history to rely on the now-stricken "virtually unlimited" language as authority for allowing joinder.   The only other two cases to rely on the former language of the commentary were *Prestage Farms, Inc. v. Norman*, 813 So. 2d 732, 734-35 (Miss. 2002) and *Illinois Central R.R. v. Travis*, 808 So. 2d 928, 935-36 (Miss. 2002), *overruled on other grounds*, *Capital City Insurance Co. v. G.B. "Boots" Smith Corp.*, 2004 WL 2403939, *11 (Miss. 2004).

[3]We note that no post-*Armond* decisions provide adequate guidance in this case. Although *Bailey* dealt with a similar fact scenario, because of the procedural posture of the case, it provides less guidance in regard to this particular issue.   In that case we reviewed a directed verdict and remittitur as opposed to the trial court's denial of a motion to sever. *Bailey*, 878 So. 2d at 35.    Furthermore, all of our post-*Bailey* case law substantively addressing Rule 20(a) simply dealt with analogous fact scenarios to *Armond* and *Bailey* and cursorily reaffirmed their holdings.  *See Purdue Pharma, L.P. v. Heffner*, 2004 WL 2249488 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Jackson*, 2004 WL 2187602 (Miss. 2004); *Culbert v. Johnson & Johnson*, 883 So. 2d 550 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Keys*, 879 So. 2d 446 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Scott*, 876 So. 2d 306 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Grant*, 873 So. 2d 100 (Miss. 2004).

plaintiffs had not alleged causes of action arising out of the same transaction or occurrence in light of the fact that the plaintiffs had

> different medical histories; alleg[ed] different injuries at different times; ingested different amounts of Propulsid over different periods of time; received different advice from [forty-two] different doctors who, in turn, received different information about the risks associated with the medication via six different warning labels utilized during the time covered by this lawsuit, and who each had his or her own reasons to prescribe Propulsid for the patients.

*Id.* at 1096. We therefore held that it was practically impossible for the claims of fifty-six plaintiffs against forty-two doctors and a drug manufacturer to arise from the same transaction or occurrence in light of the fact that "each plaintiff/doctor combination [had] its own set of facts and evidence surrounding the prescribing of Propulsid, the transaction or occurrence which is the basis for each claim." *Id.* at 1102.

¶9. The nature of the doctor/patient relationship is such that joinder of multiple plaintiffs in a case against multiple doctors with whom most have never had contact is almost always an invitation to confusion and prejudice. In light of the fact that the plaintiffs' bases for joinder as to their claims against Wyeth all originate from contacts with their doctors, the same logic for severance which we used in *Armond* applies to the joined claims against Wyeth as well. In order to demonstrate a distinct litigable event arising from the same transaction or occurrence, plaintiffs may not simply allege injuries stemming from the same drug manufacturer. They must also show, among other things, how they were exposed to those drugs, which, in this case, will necessarily involve several plaintiffs introducing evidence of their unrelated interactions with various doctors.

6

¶10. The trial of the seven plaintiffs' claims against the four doctors and Wyeth will inevitably result in the same confusing presentation of evidence which we sought to avoid in reversing the trial court in *Armond*. We therefore reverse the trial court's denial of Wyeth's Motion to Sever or Transfer Venue as to the defendants and remand with instructions that the trial court sever and transfer the cases to the appropriate venue.

## CONCLUSION

¶11. We reverse the circuit court's denial of the Motion to Sever or Transfer Venue as to the defendants and remand with instructions that the circuit court sever and transfer the cases to the appropriate venue.

¶12. **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. RANDOLPH, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**