# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00237-SCT

*AMCHEM PRODUCTS, INC.; CROSSFIELD
PRODUCTS CORPORATION; DANA
CORPORATION; GENERAL ELECTRIC COMPANY;
GEORGIA PACIFIC CORPORATION; GULF COAST
MARINE SUPPLY COMPANY; KOMP EQUIPMENT
COMPANY, INC; LAUREL MACHINE AND
FOUNDRY COMPANY; MARINE SPECIALTY
COMPANY, INC.; NATIONAL SERVICE
INDUSTRIES, INC.; OWENS-ILLINOIS, INC.;
STANDARD EQUIPMENT COMPANY, INC.; UNION
CARBIDE CORPORATION; UNIROYAL HOLDING,
INC.; AND ZURN INDUSTRIES, INC.*

*v.*

*THOMAS L. ROGERS, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2002 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS : | T. HUNT COLE, JR. |
| | WALTER G. WATKINS, JR. |
| | THOMAS W. TARDY, III |
| ATTORNEY FOR APPELLEES: | WARREN LEON CONWAY |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 03/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

EASLEY, JUSTICE, FOR THE COURT:

¶1. The case before the Court is an interlocutory appeal concerning the joinder of 76 plaintiffs and 136 named defendants in an asbestos mass tort case. Amchem Products, Inc., et al., (the Defendants) filed the petition for interlocutory appeal challenging the trial court's order denying the motion to sever and transfer or dismiss in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi. The complaint alleged various tort and product liability claims related to asbestos exposure at approximately 250 different work locations in 20 different states. This Court granted the Defendants permission to bring this interlocutory appeal. Finding error by the trial court, we reverse and remand the case for severance of all claims with instructions to the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his or her claim and dismissing without prejudice all out-of-state claims with no connection to Mississippi based upon forum non-conveniens.

## PROCEDURAL HISTORY

¶2. On June 19, 2002, a Ninth Amended Complaint was filed in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, alleging tort and product liability claims for alleged asbestos exposure against 136 Defendants. The complaint was filed by 76 plaintiffs (the Plaintiffs), including the named plaintiff, Thomas L. Rogers (Rogers). The Defendants manufactured, distributed and sold a wide variety of products such as pharmaceutical, automotive, personal care, home appliance, chemical, and building products. The Plaintiffs worked in a variety of fields including farming, automotive, textile, railroad, education and construction industries.

¶3.    The Defendants filed a motion to sever and transfer or dismiss the Plaintiff's claims. The Defendants' argument for the motion was that the Plaintiffs failed to meet the joinder requirements of M.R.C.P. 20 and should be severed from one another. In addition, the Defendants argued that once severed, a determination of the proper venue had to be made and a transfer of all claims that did not relate to Bolivar County, including any transfer to other Mississippi counties or dismissal of any claims that had no relation to Mississippi. The Circuit Court of Bolivar County, the Honorable Larry O. Lewis, presiding, denied the Defendants' motion on August 5, 2002.

¶4.    Of the 76 Plaintiffs, arguably 6 have ties to the State of Mississippi. Thomas Rogers (Rogers) and Percy Norwood (Norwood) reside in Bolivar County and allege exposure in Bolivar County. William Griffin (Griffin) is a resident of Jackson County, Mississippi, although his alleged exposure did not occur in Mississippi. Three Plaintiffs, Jerry Barrington, Lee Jimmerson and Richard Brown do not reside in Mississippi although they allege exposure in Mississippi, but not in Bolivar County.

¶5.    Of the 136 Defendants, all have done business in the State of Mississippi. Two of the Defendants have their principal place of business in Bolivar County. The trial court relied heavily upon *Am. Bankers Ins. Co. of Florida v. Alexander*, 818 So.2d 1073 (Miss. 2001) and *Prestage Farms, Inc. v. Norman*, 813 So.2d 732 (Miss. 2002) in its opinion.

¶6.    The trial court denied the motion to sever, transfer or dismiss. However, the trial court reserved its right to reconsider its ruling on the motion following the trial of the first trial group. The first trial group known as "Special Trial Group #1" was to consist of three

Plaintiffs: Rogers, Norwood and Griffin. On January 21, 2003, the circuit court granted permission and leave to file an interlocutory appeal to this Court for the joinder issue. Thereafter, this Court granted the Defendants' petition for interlocutory appeal and stayed all proceedings in the trial court pending resolution of the interlocutory appeal. *See* M.R.A.P. 5.

**FACTS**

¶7.    This case was originally filed on February 16, 2001. The 76 Plaintiffs in this case alleged asbestos exposure in approximately 250 different work locations in 20 different states. There are 6 Plaintiffs who either live in Mississippi or alleged exposure to asbestos in Mississippi. The 6 Plaintiffs are (1) Thomas Rogers who resides in Bolivar County and alleged exposure working on farming and motor vehicles in Bolivar County; (2) Percy Norwood who resides in Bolivar County and alleged exposure working in various sites in Bolivar County; (3) William Griffin who resides in Ocean Springs and alleged exposure in Alabama; (4) Jerry Barrington who resides in Alabama and alleged exposure in Laurel, Natchez and Yazoo City; (5) Lee Jimmerson who resides in Alabama and alleged exposure in Ocean Springs and (6) Richard Brown who resides in Utah and alleged exposure in Gulfport. The two Bolivar County residents, Rogers and Norwood, have no similar connections to asbestos exposure. Each of these two Plaintiffs worked at different work sites at different time periods with no common employer. Rogers alleged exposure working as a farmer and maintenance worker of farming and motor equipment at one farm. Norwood alleged exposure working as a maintenance laborer in a university, a concrete plant and a hospital. The other 70 Plaintiffs in the action are not Mississippi residents and did not allege asbestos exposure in Mississippi.

4

¶8.     The Defendants filed a motion to sever and transfer or dismiss in the Bolivar County Circuit Court.  The trial court denied the motion and set up a trial group of three Plaintiffs¹ to proceed to trial on August 2, 2002.  The trial court's findings of fact stated in part:

> 4) Two of the seventy-six Plaintiffs in the case, Thomas Rogers and Percy Norwood are residents of Bolivar County, Mississippi.  Rogers and Norwood also allege exposure to asbestos in Bolivar County, Mississippi.
>
> 5) One Plaintiff, William Griffin, is a resident of Jackson County, Mississippi, but does not allege exposure to asbestos in Bolivar County or elsewhere in the State of Mississippi.
>
> 6) Three Plaintiffs, Jerry Barrington, Lee Jimmerson, and Richard Brown, are non-residents of the State of Mississippi who allege exposure to asbestos related products in the State of Mississippi but not in Bolivar County.  The remaining seventy, out of seventy-six Plaintiffs, are non-residents of the State of Mississippi and do not allege exposure to asbestos products in the State of Mississippi.
>
> 7) Each of the Plaintiffs were exposed to asbestos at their work place.  The Plaintiffs worked at different job sites in which they may have been exposed.  These job sites are located [in] different States other that the State of Mississippi and several foreign countries.
>
> 8) Each of the Defendants does business in the State of Mississippi.  Two Defendants have their principal places of business in Bolivar County, Mississippi.
>
> *     *     *     *     *
>
> 10) The circumstances in which each of the seventy-six Plaintiffs were exposed to asbestos products are unique.  The Plaintiffs worked at different job sites performing different jobs at different times and under different conditions.  They were exposed to asbestos for different frequencies and periods of time.  They were exposed in different ways to different types and different brands of asbestos products.  Their places of employment [had] different methods of protecting them from asbestos exposure.

---

¹ The trial court is presumably referencing the other 70 Plaintiffs in this case.

11) Each of the Plaintiffs have unique medical histories and unique health problems.

Because of the variety of locations involved in the lawsuit the trial court found that different substantive laws from other states would have to be considered in the action as well.

¶9. Regardless of some of these findings, the trial court held that the Plaintiffs' claims arose out of the same transactions or occurrences, relying upon *Prestage Farms v. Norman*, 813 So.2d 732 (Miss. 2002) and *Am. Bankers Ins. Co. of Florida v. Alexander*, 818 So.2d 1073 (Miss. 2001). The trial court also held that the Plaintiffs' claims involved common issues of fact or law, again citing *Prestage Farms*. Thus, the trial court concluded that the Plaintiffs satisfied the requirements of M.R.C.P. 20 and the claims should not be severed. In addition, the trial court held that the doctrine of forum non conveniens should not be applied to the case.

## DISCUSSION

¶10. The Defendants raise the following issues on appeal:

    **I.** **Whether M.R.C.P. Rules 20, 42 and 82 and the Comments, as amended February 20, 2004, regarding joinder of the parties, and the Court's decision in *Janssen Pharmaceutica, Inc., v. Armond*, 866 So.2d 1092 (Miss. 2004) and similar recent decisions, apply to this multiple plaintiff/multiple defendants asbestos mass tort case so as to require a finding of misjoinder, and the dismissal without prejudice or severance of plaintiffs in this suit in the Circuit Court of the Second Judicial District of Bolivar County.**

**II.** **Whether, under the foregoing standards and its own findings of fact, the circuit court erred by refusing to dismiss without prejudice or the sever all plaintiffs from the claim of core plaintiff Thomas Rogers.**

¶11.    "The standard of review regarding joinder and venue is abuse of discretion." *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1095 (Miss. 2004) (citing *Ill. Cent. R.R. v. Travis*, 808 So.2d 928, 931 (Miss. 2002). *See also* *Am. Bankers Ins. Co. of Florida v. Alexander*, 818 So.2d at 1075-76.    Abuse of discretion is found where joined parties fail to satisfy the two part requirement of M.R.C.P. 20(a).    *Armond*, 866 So.2d at 1097.    Mississippi Rule of Civil Procedure 20(a) states that "joinder is proper if (1) the claims arise from the same transactions and occurrences and (2) the claims share a common issue of law or fact." *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So.2d 31, 46 (Miss. 2004).

¶12.    In *Armond*, 866   So.2d at 1099, the majority opinion distinguished between mature torts and immature torts.    This Court found that asbestos claims were "mature torts" and stated:

> Asbestos claims lend themselves more easily to aggregation because they arise from a "mature tort."    This is because asbestos litigation has been around for decades, and courts have had ample opportunity to evaluate medical, scientific and other factual issues relating to asbestos exposure, and the courts understand better when aggregation of claims is appropriate.

*Armond*, 866 So.2d at 1099.    In contrast, the majority in *Armond* found the Propulsid claims to be "immature torts" because the "scientific, legal and factual issues" were considered to be "novel and unsettled." *Armond*, 866 So.2d at 1099.

¶13.    In ***Harold's Auto Parts, Inc.*** v. ***Mangialardi***, 889 So. 2d 493 (Miss. 2004), this Court

clarified its holding in ***Armond*** as it pertained to asbestos litigation.  This Court held:

> This interlocutory appeal concerns joinder of multiple plaintiffs in an asbestos,
> mass tort litigation case.  This matter is controlled by ***Jans[s]en Pharmaceutica,***
> ***Inc. v. Armond***, 866  So.2d 1092 (Miss. 2004).  Even though asbestos litigation
> is, indeed, a "mature tort," as discussed in dicta in ***Armond***, this Court did not
> intend in that case, and we shall not proceed here, to exempt asbestos cases from
> the requirements of Rule 20[] of the Mississippi Rules of Civil Procedure.

889 So. 2d at 493.  Therefore, M.R.C.P. 20 is now clearly considered by this Court to apply to

asbestos claims.  ***Armond*** and the subsequent clarification provided in ***Harold's Auto Parts***

demonstrate that M.R.C.P. 20 prohibits joinder of diverse plaintiffs with diverse defendants

unless there is a claim that (1) arises out or the same transaction or occurrence and (2) the

claims share a common issue of law or fact.

¶14.    We find that the trial court erred by denying the Defendants' motion to sever and transfer

or dismiss.  Here, the facts show that the 76 Plaintiffs were improperly joined in this case.

While it is true that the trial court did not have the benefit of ***Armond*** and its progeny at the

time of its decision, this does not change the outcome of the case before the Court today.

¶15.    The only factor that is common to each Plaintiff is alleged exposure to asbestos during

some time period of their career.  As the trial court correctly found, the Plaintiffs worked at

different job locations in different states and some foreign countries.  The circumstances in

which each Plaintiff experienced alleged asbestos exposure were unique.  Each Plaintiff worked

at a different job site at different times, performing different jobs under different working

conditions.  In addition, each Plaintiff had different number of alleged exposures and different

8

lengths of alleged exposure time. The alleged asbestos exposure occurred in different ways, with different types of products and differing types of protection. Each Plaintiff also had unique medical histories and unique health problems. Clearly, this Court's ruling in *Armond* and subsequent ruling pertaining to asbestos cases in *Harold's Auto Parts* are controlling in this case.

¶16. We find that only 6 out of the 76 Plaintiffs in this case have ties to the State of Mississippi. Thomas Rogers resides in Bolivar County and alleged exposure working on farming and motor vehicles in Bolivar County. Percy Norwood resides in Bolivar County and alleged exposure working in various sites in Bolivar County. William Griffin resides in Ocean Springs and alleged exposure in Alabama. Jerry Barronton resides in Alabama and alleged exposure in Laurel, Natchez and Yazoo City. Lee Jimmerson resides in Alabama and alleged exposure in Ocean Springs. Richard Brown resides in Utah and alleged exposure in Gulfport. The facts indicate that only Rogers and Norwood have claims that should remain in Bolivar County. Notwithstanding the fact that Rogers and Norwood's claims occurred in Bolivar County, their claims have no other connection to one another and, therefore, should be severed from each other. The other four plaintiffs have claims that should be severed and transferred to proper counties. The out-of-state Plaintiffs with no connection to the State of Mississippi and whose causes of action accrued out of state should be dismissed without prejudice based upon forum non-conveniens.

**CONCLUSION**

9

¶17. This Court finds that *Armond* and *Harold's Auto Parts* are controlling in this case. We find that the trial court abused its discretion by denying the Defendants' motion to sever and transfer or dismiss. Therefore, the circuit court's order is reversed, and this case is remanded with the following directions each case is to be transferred to the appropriate jurisdiction where each Plaintiff could have brought his or her claim without reliance on an improperly joined plaintiff; the claims of Thomas Rogers and Percy Norwood are to remain in Bolivar County since the alleged exposure occurred in Bolivar County. However, Rogers's and Norwood's claims are to be severed from one another as their claims and the underlying facts are distinct and unique for each case. All other Plaintiffs' claims with a connection to Mississippi are to be severed and transferred to those jurisdictions in which each plaintiff could have brought his or her claim; and all of the 70 out-of-state Plaintiffs with no connection to Mississippi and whose causes of action accrued outside of the State of Mississippi shall be dismissed without prejudice based upon the doctrine of forum non-conveniens.

¶18. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

10